*J. R. Slack*, for appellant.

---

### Johnson's Administrators *v.* Hedrick and Others.

Decedents' Estates.—*Administrator.*— *When Chargeable with Interest.*—An administrator delayed some ten years in settling the estate, using the money of the trust in his own private speculations, and upon a reference of his accounts to a master, it did not appear that there was any reason for any unusual delay in the settlement, and the administrator refused to account to the master for the result of said speculations. The master in making his report charged interest, after the first year from the granting of administration, on balances in the hands of the administrator.

*Held*, that there was no error of which the administrator could avail himself, though the master should have charged *compound* interest, making annual rests in the accounts for that purpose.

APPEAL from the Warren Common Pleas.

GREGORY, C. J.—The principal question involved in this case is as to interest charged to the administrators, by the

court below, on moneys in their hands during the execution of their trust.

There was a demurrer overruled to the complaint; but as no complaint was necessary, we have not examined the points made against it.

At the commencement of this proceeding, no "final settlement" of the estate had been made. A general balance had been found due from the administrators, but there had been no order of distribution, and no payment made of such balance.

In *Dufour* v. *Dufour*, 28 Ind. 421, it was held, that by the term "final settlement" as used in section 116 of the act for the settlement of decedents' estates, is not meant merely an ascertainment of the final balance of cash in the hands of an executor or administrator; it comprehends, also, a payment of that balance, so as to leave nothing to be done to complete the execution of his trust.

The accounts of the administrators were referred to a master commissioner who reported to the court the amount he found due from them. In making up this report, the master charged interest after the lapse of twelve months from the granting of letters of administration, on balances in their hands as reported by themselves to the court, at periods ranging from ten months to five years, allowing credits from the times of actual disbursements.

It is claimed that the administrators were not in default, and that they are not chargeable with interest.

Administration was granted in April, 1853, the final report was made in 1864, and no step taken to procure the final order of distribution until the commencement of this proceeding in June, 1866. There was some three thousand dollars of cash on hand at the commencement of the trust. The sale bill of personal property amounted to some twelve thousand dollars. The indebtedness of the estate was some six thousand dollars. There was no real estate reduced to assets, nor is there any reason shown by the record for any unusual delay in the settlement of the estate. There was

proof that the administrators used the moneys of the estate in their private business.

In *Dufour* v. *Dufour*, *supra*, it was ruled, that when an executor has improperly kept the legatees out of the use of their money, he is liable for interest thereon, and mere delay in settling the estate is sometimes *prima facie* evidence of his having done so.

There was not only a delay of some ten years in making settlement, but there was proof that the administrators, used the money of the trust in their own private speculations, and they refused to account to the master for the result of these speculations. *Schieffelin* v. *Stewart*, 1 Johns. Ch. 620, settles the rule as to the mode of computing interest in such cases. The master ought to have charged the administrators *compound interest*, making annual rests in the accounts for that purpose. But this is an error that did not injure the appellants, and no exceptions were taken to the master's report by the appellees.

There has been great delay in this case. It was commenced in the court below in 1866; it has been in this court some sixteen months. Great injustice has been done the appellees in withholding from them the money found due by the court below.

Under such circumstances we shall affirm the judgment, with costs, and ten per cent. damages.

*B. F. Gregory, J. Harper*, and *W. P. Rhodes*, for appellants.

*J. Park* and *L. T. Miller*, for appellees.